NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC,**

*Petitioner*

2021-167

On Petition for Writ of Mandamus to the United States District Court for the Western District of New York in No. 6:19-cv-06036-EAW-MWP, Judge Elizabeth A. Wolford.

**ON PETITION**

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

### O R D E R

Midwest Athletics and Sports Alliance LLC ("MASA") petitions for a writ of mandamus challenging an order narrowing the number of patents it could assert in this case. Xerox Corporation opposes.  MASA replies.

MASA owns a number of patents relating to printer and copier technology.  The 20 patents MASA asserted in this case against Xerox relate to the operation, performance, and maintenance of workflow management.  To make the case manageable, the district court issued an

order adopting the special master's recommendation to require MASA to "reduce the number of asserted patents from twenty to eight at the dispositive motion stage and to further reduce the number of asserted patents from eight to four at the trial stage." Appx1. The court noted that dismissal of any patent would be without prejudice and subject to various procedural safeguards that were agreed upon by the parties, including tolling of the applicable statute of limitations. Appx6. The court also noted that MASA was "free to seek amendment of the Case Narrowing Order, to allow it to assert additional patents." Appx10.

MASA asks that we issue a writ of mandamus to vacate the district court's order. But MASA has not met the high standard for mandamus relief because, among other reasons, it has not shown a "clear and indisputable" right that precludes the district court from limiting the number of patents it could assert in this action. *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (citation and internal quotation marks omitted); *see also In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011) (upholding authority to limit patent claims). The district court considered and rejected MASA's contentions that the court's narrowing order would deprive MASA of due process rights, agreeing with Xerox that the safeguards provided to MASA for all patents it decides to not pursue in this action negate any concern that MASA would be deprived of any substantive or procedural right here. That determination has not been shown to be error, let alone clear and indisputable error, warranting mandamus.

Accordingly,

IT IS ORDERED THAT:

IN RE: MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC                3

The petition is denied.

FOR THE COURT

September 10, 2021          /s/ Peter R. Marksteiner
        Date                Peter R. Marksteiner
                            Clerk of Court

s28